Despain *v.* Carter.

---

DESPAIN, Defendant in Error, *vs.* CARTER & OTHERS, Plaintiffs in Error.

1. Possession, valuable improvements made, and part payment, under a parol contract for the sale of land, entitles the purchaser to a specific performance.
2. Where the facts specially found by a court or jury are sufficient to support a decree for a specific performance, it will not be reversed because of a defective statement of the contract in the petition. (SCOTT, J., dissenting.)

*Error to Buchanan Circuit Court.*

Petition by Sarah Despain against the administrator of Lewis Despain and John Carter for the specific performance of a contract for the sale of a piece of land. Robert W. Donnell and Hugh D. Louthen, purchasers from Carter, with notice pending suit, were afterwards made co-defendants. The facts are sufficiently developed in the opinion of the court.

*Loan*, for plaintiffs in error.

*Vories*, for defendant in error.

RYLAND, Judge, delivered the opinion of the court.

This is a suit for the specific performance of a parol sale of land, upon the ground of possession taken, lasting improvements made, and part payment of the consideration money.

The plaintiff below obtained a decree for the specific execu-

tion of the contract, and the defendants bring the case here by writ of error.

The principle objection made by the plaintiff in error to the decree of the court below, is upon the face of the plaintiff's petition, that it does not set forth any specific and definite contract for the sale of any land by the defendant, Carter, to the plaintiff, Sarah Despain ; that the petition leaves the matter doubtful, whether the plaintiff, Sarah, was an original purchaser of the land in her petition mentioned from the defendant, Carter, or a sub-purchaser under her son, Lewis Despain.

In looking over the petition, there is some ground for this objection. It contains a very loose and garrulous narrative of the transaction between the defendant, Carter, and the son of the plaintiff, and the plaintiff herself. The counsel for the plaintiff below, respondent here, in answering the objection, admits that, under our new code, he stated in the petition the facts just as the old lady, his client, told them to him. The defendant, Carter, denies every important statement in the petition on which the plaintiff relies for relief. Although this case is one of the class most properly and most usually decided by the court, without the intervention of a jury, yet a jury was demanded, and to its verdict the issue was submitted.

The court gave the following instruction of its own accord:

" If the jury believe from the evidence, that about the first of November, 1847, the defendants, John R. Carter, Lewis Despain and plaintiff made a contract, under and by virtue of which defendant agreed to convey to plaintiff the south half of the north half of the north-west quarter of section thirty-one, (31,) in township 58, in range 35, in Buchanan county, in consideration of her paying fifty dollars, to be paid in rails, and the further consideration of her paying the entrance money to enter the same at the land office, at $1 25 per acre, and that under and by virtue of said contract she went into the possession of said land with defendants' consent, and made lasting and valuable improvements on the same, they will find the issue for the plaintiff, and incorporate the facts found in their ver-

dict. If they find as above, they will also find the value of the improvements made by plaintiff; the amount paid by plaintiff to defendant, under the contract, if any thing; how much remains due and unpaid, if any thing; and if any part of the consideration is unpaid, whether the plaintiff offered or not to pay defendant the amount so unpaid before this suit was brought, and when. They will also find whether the second payment of the money to enter the land was offered to defendant before the 1st of January, 1850, and whether the third payment was offered before the 1st of January, 1851. Unless the jury believe as in the first instruction, they will find for defendant."

The instruction given on the part of the plaintiff, and the one alluded to, is as follows:

"The plaintiff moves the court to instruct the jury that the facts stated in plaintiff's petition, that defendants, Robert W. Donnell and Hugh D. Louthen, purchased or pretended to purchase the land in said petition mentioned, with a full knowledge of plaintiff's rights, and in order to defraud and litigate plaintiff out of her rights in said land, not being denied in their answers, are to be taken as true, for the purpose of the trial of the cause."

The jury returned the following verdict: "We, the jury, find that a special contract was made by defendant, Carter, with plaintiff, to convey to said plaintiff the south half of the north half of the north-west quarter of section 31, in township 58, in range 35, in Buchanan county, in consideration of which plaintiff was to pay fifty dollars, to be paid in rails, and furnish the entrance money to enter said land at the land office in Savannah, at $1 25 per acre; and that under and by virtue of said contract, plaintiff went into the possession of said land with defendant's consent, and made lasting and valuable improvements thereon. We also find the value of improvements made by plaintiff on said premises to be one hundred and thirty dollars, and that plaintiff paid defendant rails to the amount of thirteen dollars and fifty cents on said contract, and seven-

teen dollars in full for first payment of entrance money, in pursuance of said contract, and that the sum of twenty dollars remains due and unpaid upon the fifty dollars ; and that plaintiff did, by her agent, tender to defendant the amount so due, in the fall of the year 1849. We also find that second and third payments, due land office, were tendered to defendant in the fall of 1849. We also find that plaintiff was in peaceable possession of said land at the time defendant sold the same to Donnell and Louthen, and that they knew of plaintiff's rights."

The court then found further that the amount of money necessary to enter the said land named in said finding of the jury is forty dollars, and the court declares the law to be that, upon the payment of the said sum due by plaintiff on her said purchase, so found by the jury, and the money necessary to pay for entering said land at the land office, which is in all sixty dollars, she is entitled to a conveyance of said land from said defendants, John R. Carter, Robert W. Donnell and Hugh D. Louthen, of all their right, title and interest in and to said land.

Without stating the whole of the evidence on the record, there is, in my opinion, evidence putting the matter beyond doubt that the plaintiff entered into the possession of the land in controversy, with the knowledge and consent of the defendant, Carter ; that she made lasting and valuable improvements thereon—a hewed log house, with brick chimney and shingle roof—had a well dug some twenty-two feet deep, and fenced in a small lot. These are such improvements as indicate the idea of ownership of the soil, or at least a contract, under which the ownership will in time be acquired. The land here is but a forty acre tract, estimated at the time of contract to be worth one hundred dollars, of which fifty dollars must be paid in the land office, in order to acquire the title from the state, and fifty to the defendant, Carter. The jury estimated the improvements to be worth more than the contract price of the land, namely, one hundred and thirty dollars. The facts also show that a portion of the purchase money, about forty dol-

Despain *v.* Carter.

lars in all, had been received by Carter, in money and rails. Here then are facts, found by the jury who heard the evidence, which will justify the court in decreeing a specific performance in this case—which take the case out of the statute of frauds— facts which have been held frequently, in similar cases, sufficient to authorize the courts to decree specific performances. As to what acts amount to a part performance, I deem it not necessary to go into a lengthy examination of the cases upon this subject. The general rule is, that the acts must be such as could be done with no other view or design than to perform the agreement, and not such as are merely introductory or ancillary to it. Mr. Justice Thompson, in delivering the unanimous opinion of the court of errors of the state of New York, in the case of *Niven* v. *Belknap*, uses the following language : " The difficulty here presented arises from the statute of frauds, which declares that no interest in land shall be granted or assessed, but by deed or note in writing." This is, undoubtedly, a wise and beneficial law. But, in the language of adjudged cases upon it, it may be justly said that, to allow a statute having the prevention of fraud for its object, to be interposed in bar of the performance of a parol agreement, in part performed, would be evidently to encourage one of the mischiefs which the legislature intended to prevent. It is, therefore, an established rule that a parol agreement, in part performed, is not within the provisions of this act. (Fonb. 182, note. 1 Ves. jr., 333.) The relief against the statute, in these cases. of part performance, is founded on the fraud and deceit which usually characterize the circumstances. Whether it was expedient, in the first instance, to make fraud a ground for giving relief, so as to enforce agreements against the express provisions of the statute, is now a useless inquiry, as there is. hardly any rule of equity better established on authority. (Roberts, 133. 3 Atk. 3 and note.) It is admitted that these acts of part performance must be clear and unequivocal, and such as cannot, rationally, be presumed to have been done, unless on account of the agreement. (3 Atk. 4.) When the

act of performance is taking possession, it must be done as *owner* of the estate, and an act which the party would not have done had he not considered himself in that light. (2 Bro. C. C. 561. 2 Johns. Rep. 587. 2 Story's Equity Jurisprudence, § 761, 762, 763. *Davenport* v. *Mason*, 15 Mass. Rep. 93.)

Whenever the party has been let into the possession, and has made valuable improvements, expended money in building or repairs, these acts have been long and I may say uniformly considered, as taking the case out of the statute ; if this were not so, the party would be the victim of a fraud practised on him.

I consider the verdict of the jury in this case placing the plaintiff below just in the situation where she would have been always relieved by a court of equity. The jury find that there was a special contract made by defendant, Carter, with plaintiff, for the land in controversy ; they find the consideration ; and that under and by virtue of the contract, the plaintiff went into the possession of the land with the defendants' consent, and made lasting and valuable improvements thereon. They find these improvements to be worth a larger sum than the consideration money for the land. I remark that the facts found in this case, beyond all doubt, in my mind, bring the plaintiff within the general rule, and that the courts would relieve her by decreeing a specific performance.

She took possession as owner ; she built her house and dug her well as owner ; she paid part of the rails — part of the money, and tendered the residue in cash. Her situation is not like one who has only paid money, which can be returned with interest. Her part performance is of a different and higher order—more favorably noticed by courts of equity.

I find no error in the instructions given for the plaintiff by the court below, nor in refusing the instructions asked for defendants, which could materially injure the defendants. The court properly laid down the law of the case to the jury. There is no error in refusing to adopt the issues tendered by defend-

Despain *v.* Carter.

ants and placing them before the jury ; they are not better cal-
culated to enable the jury to arrive at the merits of the con-
troversy between these points, than the direction given in the
court's instruction, of its own accord, to the jury. Nor is there
any force in the objection to the further declaring and finding
of the court as to the amount of the consideration still due by
plaintiff to defendant, Carter. These defendants must take an
unusual course in such cases ; they must have a jury to find the
facts ; they had to be sure of the right so to do, and the find-
ing of the jury has settled the matter in favor of the plaintiff.
The case, as stated by the plaintiff's petition, and the facts in-
corporated in the finding of the jury, will, in my opinion, war-
rant the decree made by the court below.

I consider it right to apply here the common law rule, in re-
gard to the defective statement of the cause of action, and the
effect of a verdict of a jury upon such statement; there be-
ing now no distinction in cases of law and equity, our statute
having abolished all such distinctions. If it be proper to adopt
this rule, then the verdict here being so specific, so particular,
it entirely does away with the objection which, without such
particularity, might be urged against the petition.

I do not well see how this court is to reverse a judgment or
decree, when the finding of the jury or court below contains a
sufficient amount of facts to warrant the judgment or decree,
although there is much uncertainty or generality in the state-
ment of the cause of action in the petition. Though the petition
be defective, yet, being answered, and the verdict finding facts,
show a right on the plaintiff's part to the judgment or decree,
the same must remain, unless there be other causes of error on
the record than the uncertainty of the plaintiff's petition.

In conclusion, in this case, we conceive that the petition of
the plaintiff does set forth a contract ; true, its terms are very
general ; it is very loosely stated and set forth, but, neverthe-
less, a contract is stated as having been made by the petitioner
and defendant, Carter. The verdict of the jury finds this con-
tract, and sets it forth specially and particularly. Now, in

our opinion, this special verdict has the effect to make this otherwise loose contract assume a form certain and specific enough to justify the decree of the court carrying it into specific execution. The decree of the court, therefore, is affirmed in all things, except as to the time given to plaintiff to pay the balance of the consideration money, which time is extended to two months after the judgment of affirmance in this case is certified to the court below, which the clerk is ordered to do immediately. Judge Leonard concurring herein; Judge Scott dissenting.

SCOTT, Judge, dissenting. In my opinion, there is no contract stated in the bill, in such a manner as to entitle the plaintiff to a specific performance of it. From the bill, it would seem that we are required to find out what the contract was, and then to decree its specific performance. If the plaintiff herself does not know the terms of the agreement, whose performance she seeks to enforce, it is hard to impose on the court the duty of ascertaining it. The contract is stated in various ways in the bill, and it is impossible for me to determine what it is. It is a well established principle that to entitle a party to a specific performance of a contract, that it must be certain in all its parts.