ANDERSON, *Appellant*, v. SHOCKLEY.

1. **Equity**: STATUTE OF FRAUDS: SPECIFIC PERFORMANCE. Where one in pursuance of and on the faith of an oral promise of the owner that he shall have a deed for land, enters into possession and makes valuable improvements, the case is taken out of the statute of frauds, and he is entitled to a decree for specific performance.

2. **Evidence**: IMMATERIAL ERROR. The admission of irrelevant evidence in a trial by the court, is no ground for the reversal of a judgment, where it appears that without regard to such evidence it was for the right party, and that a new trial would not change the result.

*Appeal from Buchanan Circuit Court.*—HON. W. H. SHERMAN, Judge.

AFFIRMED.

*Allen H. Vories* for appellant.

The court below erred in permitting any evidence on the part of defendant as to the number of plaintiff's chil-

dren and the amount of property owned by him, there being nothing in the issues making such evidence relevant or competent. As the defendant sought specific performance of the contract set up in his answer, the burden of proof was on him to make out his case. To entitle a party to a specific performance, it must be so precise and exact in its terms that neither party could reasonably misunderstand them, and these terms must be satisfactorily established by the evidence, and be clear, definite and unequivocal in its terms, especially where the contract is verbal. *Taylor v. Williams*, 45 Mo. 80 ; *Underwood v. Underwood*, 48 Mo. 527 ; *Johnson v. Quarles*, 46 Mo. 423 ; *Stevenson v. Adams*, 50 Mo. 475 ; *Tiernan v. Granger*, 65 Ill. 351 ; *Lobdell v. Lobdell*, 36 N. Y. 327. Where there is a conflict in the understanding of the parties alleged to be contracting, a court of equity will not enforce specific performance. *Boreman v. Cunningham*, 78 Ill. 48 ; *Wiley v. Roberts*, 31 Mo. 212. The evidence of a parol gift, or sale of lands between parents and children must be very clear to avoid the statute. *Cox v. Cox*, 26 Penn. St. 375 ; *Williamson v. Williamson*, 4 Iowa 279 ; *Johnston v. Johnston*, 19 Iowa 74 ; *Wright v. Wright*, 31 Mich. 380 ; *Sitton, etc., v. Shipp and others*, 65 Mo. 297 ; 5 Wait's Actions and Defenses, 826, § 3. There was no promise or agreement in writing between the parties, and no such part performance as takes the case out of the statute. *Hager v. Hager*, 71 Mo. 610 ; *Allen v. Webb*, 64 Ill. 342. The most that can be said of this case is the fact that plaintiff intended at some future time on certain conditions to give the land to defendant. There was no consideration for his promise. Courts of equity do not decree specific performance of a mere voluntary agreement, nor promises founded on benevolent intentions. *Darlington v. McCoole*, 1 Leigh (Va.) 36 ; *Estate of Webb*, 49 Cal. 542 ; *Hanson v. Nichelson*, 19 Wis. 498 ; *Mercer v. Stark*, 1 Wis. (Walker) 451. There was no mutuality in the alleged contract. Plaintiff could not have sued defendant for specific performance. *Bodine v. Glading*, 21 Pa. St. 50 ; *Ohio v. Baum*, 6 Ohio

383; *Lust v. Deitz*, 46 Iowa 205; *Hills v. Croll*, 2 Phil. Ch. 62; *Kimberly v. Jennings*, 6 Sim. 340.

*Strong & Mosman* and *Tutt* for respondent.

The court committed no prejudicial errors against appellant in admitting evidence, as urged by him. *Garesche. v. College*, 76 Mo. 332; *Carpenter v. Rynders*, 52 Mo. 278; *Gimbel v. Pignero*, 62 Mo. 240; *Hedecker v. Gauzhorn*, 50 Mo. 154. A parol promise by one owning lands to give the same to another, will be enforced in equity when the promisee has been induced by the promise to go into possession, and with the knowledge of the promisor has made comparatively large expenditures in permanent improvements on the land. *Freeman v. Freeman*, 43 N. Y. 34; *Galbraith v. Galbraith*, 5 Kas. 402; *Hardesty v. Richardson*, 44 Md. 617; *Shepherd v. Bevin*, 9 Gill. 32; *Langston v. Bates*, 84 Ill. 524; *Bright v. Bright*, 41 Ill, 97; *Despain v. Carter*, 21 Mo. 331; *Gupton v. Gupton*, 47 Mo. 37; *Sutton v. Hayden*, 62 Mo. 100; *Hiatt v. Williams*, 72 Mo. 214; *Collins v. Rogers*, 63 Mo. 515. In this case the proofs were not "loose" nor "indeterminate," nor did the court act upon "conjecture." 2 Story Eq. Sec. 754; *Langston v. Bates*, 84 Ill. 524; *Despain v. Carter*, 21 Mo. 331. Such contracts are either executory or executed. Executed contracts are controlled by principles different from those which obtain in executory contracts. Though without consideration, if one party proceeds to perform his part thereof, the court will enforce performance by the other under circumstances such as appear in this case. *Pratt v. Morrow*, 45 Mo. 407; *Russell v. Berkstresser*, 77 Mo. 425; *Kelley v. Hurt*, 74 Mo. 567. In this case possession had ripened into a perfect title. in respondent. *Rannells v. Rannells*, 52 Mo. 108. This case is not within the statute of frauds. *Farror v. Patton*, 20 Mo. 81; *Dickson v. Chrisman*, 28 Mo. 134; *Charpiot v. Sigerson*, 25 Mo. 63; *Neal v. Neales*, 9 Wall. 1. Possession alone, without payment, is sufficient part performance to maintain a

decree for specific execution. *Young v. Montgomery*, 28 Mo. 604. A promise is a good consideration for a promise. 1 Parsons on Cont. (5th Ed.) 448, 451. In equity cases the appellate court "will with extreme reluctance disturb a decree rendered by a court below on a point on which there was conflicting evidence." *Sharp v. McPike*, 62 Mo. 300. It will not do so unless the decision is clearly erroneous. *Cornet v. Bertelsmann*, 61 Mo. 118; *Gimbel v. Pignero*, 62 Mo. 240; or unless the evidence clearly preponderates in favor of plaintiff. *Davis v. Fox*, 59 Mo. 125; *Chapman v. McIllwrath*, 77 Mo. 38.

NORTON, J.—This is a suit in ejectment to recover possession of forty acres of land in the petition described. The answer of defendant, among other things, sets up that plaintiff is his grandfather and controlled and received the benefits of defendant's labor till he was twenty-three years old. That plaintiff became the owner of the land in 1867 and in 1868 gave it to defendant, but did not execute a deed therefor; that in the year aforesaid plaintiff told defendant that he had bought the land for him and requested defendant to take possession of it, clear the timber from it, fence and put it in cultivation and improve it as his own property, and to use it as such, and that if defendant would do as above stated the land should be his after a certain time, or when defendant's diligence and thrift were demonstrated by such said improvement of the land; that pursuant to such request and agreement defendant in 1868 entered upon said land, began and has ever since deadened trees, cleared the land, broke it up, put it in cultivation, in good farmer-like manner, built a dwelling, stable and other buildings thereon, with stock pens, dug a well for water and set out fruit trees, in the doing of which defendant devoted his whole time, skill and labor; and that he expended said time and labor in improving the farm believing it to be his own, and relied in good faith, in so doing, upon the said promise of plaintiff. For a further defense

the statute of limitations was pleaded.    The answer con-
cludes with a prayer that the court decree title to defend-
ant for said land, or that if plaintiff be allowed to recover
on the legal title that a judgment for $2,000 be given de-
fendant for improvements made, and that the judgment be
declared a lien on the land.   The replication puts in issue
the matters set up in the answer.

On a trial had before the court, without the interven-
tion of a jury, the court rendered a decree vesting title in
the defendant, from which the plaintiff prosecutes an ap-
peal to this court.   The following facts we think are
established by the evidence:    That defendant was the
grandson of plaintiff and that he rendered service for plaint-
iff till he was about twenty-three years old; that plaintiff
bought the land in controversy in 1867 and in 1868 agreed
with defendant that he would make him a deed to the land
if he would go on it, improve it, and make a living on it;
that he put defendant in possession of the land which at
the time was unimproved; that defendant, on the faith of
said promises, took possession of the land as owner,
cleared a greater portion of it of the timber, put it in culti-
vation, built a dwelling, fenced the ground, dug a well and
made other improvements; that defendant occupied said
land under said agreement for about ten or eleven years
before suit brought, two years of the time by a tenant to
whom he had leased the land as his, with the knowledge
and assent of plaintiff.   The court found these facts and
based its decree upon them, and it is objected by plaintiff
and appellant that they are not sufficient in law to warrant
the decree.   It is insisted by counsel that the contract re-
lied upon is within the statute of frauds, and is without
consideration, and that, therefore, the decree is erroneous.
The answer to this is that the evidence shows, and the
court below so found, that defendant in pursuance of and
on the faith of said contract and offer of plaintiff entered
into possession of it as owner, improved the same as set
forth in the petition, thus bringing the case within the

principle of the case of *Despain v. Carter*, 21 Mo. 331, where it is said that "whenever a party has been let into possession, and has made valuable improvements, expended money in building or repairs, these acts have been long and I may say uniformly considered, as taking the case out of the statute. If this were not so the party would be made the victim of a fraud practiced on him." See also, *Gupton v. Gupton*, 47 Mo. 37 ; *Hiatt v. Williams*, 72 Mo. 214 ; *Sutton v. Hayden*, 62 Mo. 101 ; *Freeman v. Freeman*, 43 N.Y. 34; *Neal v. Neales*, 9 Wall. 1; *Hardesty v. Richardson*, 44 Mo. 617 ; 23 How. 347 ; 13 Vesey 147 ; *Bright v. Bright*, 41 Ill. 97 ; *Langston v. Bates*, 84 Ill. 524.

During the progress of the trial, a witness was allowed to testify, over plaintiff's objection, as to the number of plaintiff's children and the amount of his property. Conceding that the evidence so received was irrelevant, as the trial was by the court, the presumption can be indulged that the court gave no importance to it when it appears, as it does in this case, that without regard to such evidence the judgment is for the right party ; and it further appearing that the granting of a new trial for this error could not affect the final result we would not be justified in reversing the judgment, as it is fully supported by the other evidence in the case. *Hedecker v. Ganzhorn*, 50 Mo. 154 ; *Jackson v. Magruder*, 51 Mo. 55 ; *Hodges v. Black*, 76 Mo. 537.

Judgment affirmed in which all concur, except Judges Hough and Henry, absent.