M. C. CLARK, Respondent, v. L. M. CORDRY, Administrator, Appellant.

Kansas City Court of Appeals, February 1, 1897.

1. **Contracts:** TESTAMENTARY PROVISION: CONSIDERATION. A contract founded upon a sufficient consideration to make a certain testamentary provision in favor of a particular person is valid in law, and equity may enforce specific performance thereof where there has been whole or partial performance to take it out of the statute of frauds.

2. ———: ———: ———: PLEADING: PETITION. A petition set out in the opinion declaring on a promise to make certain testamentary provisions for plaintiff is *held* sufficient in an action at law.

3. **Evidence:** INCOMPETENT WITNESS: HARMLESS ERROR. Where there was abundant proper evidence to justify the verdict, the testimony of an incompetent witness may be regarded harmless.

4. ———: IMMATERIAL: HARMLESS ERROR: PRACTICE. Where evidence had no tendency to prove the allegation of the petition but there was other evidence that did, the admission of the former was not harmful nor can advantage be taken of it in the appellate court, when it was not called to the attention of the trial court in the motion for a new trial.

5. ———: NOTE GIVEN AFTER DATE: CONTRACT IN SUIT. In an action
for breach of contract in the failure of deceased to provide for plain-
tiff in his will, the fact that plaintiff after the date of such contract
gave deceased his note is properly excluded, since at that time
deceased was owing plaintiff nothing.

6. Instructions: EFFECT OF EVIDENCE. It is always proper for the
court to declare to the jury the legal effect of evidence; and the court
may tell the jury that it is immaterial when plaintiff first informed
defendant of his claim under the agreement in suit, provided they
believed that the agreement was made after the demand was presen-
-ted to the administrator in time.

7. Contracts: RELATIONSHIP OF PARTIES: COMPENSATION. Where
plaintiff's wife is the niece of the deceased's wife and deceased resid-
ed in a different town from plaintiff and there was no family relation
between them, the presumption does not obtain that plaintiff per-
formed the services for the deceased by reason of relationship and
without expectation of compensation.

*Appeal from the Morgan Circuit Court.*—HON. D. W.
SHACKLEFORD, Judge.

AFFIRMED.

*Ross & Washburn* for appellant.

(1) That a person may bind himself upon proper
and sufficient considerations to make a will in a partic-
ular way is conceded; but such agreements, when in
parol, are not enforcible by an action at law. Only by
a bill in equity, showing sufficient grounds for equitable
relief, have the courts in Missouri ever enforced such
agreements. *Wright v. Finsley*, 30 Mo. 389, 396;
*Gupton v. Gupton*, 47 Mo. 37, 48; Woerner's Am.
Law Administration, pp. 58, 59, and cases there cited.
(2) The petition is insufficient to sustain even an action
at law in that the contract attempted to be pleaded is
vague, indefinite, and conditional. There is no suffi-
cient consideration expressed in the alleged contract as
·passing, or to pass, from the plaintiff. (3) If plaintiff
has any remedy it is in equity and not by an action at

law, and should not have been tried by a jury; or, having been submitted to a jury, should have been taken from it upon the disclosures made by the evidence. In cases, such as the one at bar, parol evidence must be so emphatic and unequivocal as to banish every reasonable doubt. *Kennedy v. Kennedy*, 57 Mo. 73; *Ringo v. Richardson*, 53 Mo. 385. (4) The court erred in overruling defendant's motion to strike out the testimony of Allen Thomas when it developed on cross-examination for the first time, that the facts he testified to occurred before the date of the alleged contract. *Frederick v. Algier*, 88 Mo. 598; *State v. Roberts*, 62 Mo. 388; *Brooks v. Blackwell*, 76 Mo. 309. (5) The court erred in refusing to permit defendant to prove that plaintiff executed a note in September, 1894, to Job Denny for $200. This evidence is competent to rebut any evidence tending to show that Denny was indebted to plaintiff at the time or was under contract to pay him for services. (6) The court erred in giving to the jury instruction number 2 asked by plaintiff, because it singles out a particular fact, and tells the jury what conclusions follow. The jury might well have inferred from this instruction that the court intended they should ignore the evidence of plaintiff's statement that he "did not expect anything and was not disappointed," when spoken to relative to the Denny estate; and that of his indebtedness and his failure to make known his claim to the executor and his attorney when payment of his indebtedness to the estate was demanded. *Pourcelly v. Lewis*, 8 Mo. App. 593; *Koenig v. Life Association*, 3 Mo. App. 596; *Seigrest v. Arnot*, 10 Mo. App. 197, 209; *Chappel v. Allen*, 38 Mo. 213, 220; *Raysdon v. Trumbo*, 52 Mo. 574; *Kendig v. R. R.*, 79 Mo. 207; *Chouteau v. Iron Co.*, 83 Mo. 73; *Spohn v. R. R.*, 87 Mo. 74; *Jones v. Jones*, 57 Mo. 138; *Miller v. Marks*, 20 Mo. App. 369.

*Bohling & Forman, W. F. Quigley,* and *D. E. Wray* for respondent.

(1) It is not contended on behalf of appellant, that a contract, founded on a sufficient consideration, to make a certain provision by will for a particular person, is invalid in law. The contrary is well settled. *Jenkins v. Stetson,* 9 Allen, 128, 132; *Parker v. Coburn,* 10 Allen, 83; *Canada v. Canada,* 6 Cush. 15; *Parsell v. Stryker,* 41 N. Y. 480; *Thomson v. Stevens,* 71 Pa. St. 161; *Updike v. Ten Brock,* N. J. Law, 105; *Caviness v. Rushton,* 101 Ind. 502. A contract to leave a certain amount of money by will to a particular person, though oral, is not open to objection under the statute of frauds. It is not a contract for the sale of lands, or goods; and it may be performed within a year. *Peters v. Westborough,* 19 Pick. 364; *Fenton v. Emblers,* 3 Burrows, 1278; *Ridley v. Ridley,* 34 Bead. 478; *Kent. v. Kent,* 62 N. Y. 560; *Bell v. Hewett,* 24 Ind. 280; *Wallace v. Long,* 5 N. E. Rep. 666; *Gould v. Mansfield,* 103 Mass. 408; *Train v. Gold,* 5 Pick. 380, 385; *Gardner v. Weber,* 17 Pick. 407, 413; *Bronstein v. Laws,* 104 Mass. 214, 216; *Goward v. Waters,* 98 Mass. 596; *Church v. Kendall,* 121 Mass. 528, 530; *Paige v. Parker,* 8 Gray, 211, 213; *Hubbard v. Coolidge,* 1 Metc. 84; *Todd v. Weber,* 95 N. Y. 181, 192; *Miller v. McKenzie,* 95 N. Y. 575, 579; *Wellington v. Apthrop,* 145 Mass. 69, 13 N. E. Rep. 10. (2) Appellant's contention, that a contract like the one declared upon by respondent can not be enforced in an action at law hardly needs citation of authorities. *Koch v. Hebel,* 32 Mo. App. 103; *Harrington v. Cable R'y Co.,* 60 Mo. App. 223; *Bank v. Gallagher,* 43 Mo. App. 491. (3) This action does not fall within the statute of frauds. Bishop on Contracts [Ed. 1887], sec. 544; *Harrington v. Cable R'y Co.,* 60 Mo. App. 223; 3 Wait's Actions and

Defs., p. 593, and cases before cited. If there was anything in appellant's contention he should have pleaded the statute in his answer. (4) The error complained of in refusing to strike out the testimony of Allen Thomas, as well as the error that the court commented upon the sufficiency of the testimony in the presence of the jury, is without foundation and not raised in appellant's motion for a new trial. (5). Denny did not owe Clark anything during his lifetime, but upon his death the $2,000 became due under the contract. For this reason the evidence as to the execution of the $200 note in September, 1894, by Clark to Denny was properly excluded.

SMITH, P. J.—This is an action on a parol contract. The petition, *inter alia*, alleges: "That on the said —— day of December, 1893, the said Job Denny and the plaintiff herein, entered into a contract, whereby the said Job Denny agreed that if the said plaintiff would board, lodge, and care for the said Denny at such times as said Denny might desire to board and lodge with plaintiff during his lifetime, he, the said Denny, would, at his death, leave by will the sum of two thousand dollars to the plaintiff for the services to be so rendered by plaintiff. Plaintiff states that he accepted said contract, and relying upon the promise of said Denny to carry out said contract on his part, by leaving by will at his death to plaintiff the sum of two thousand dollars, as by his said contract he had agreed to do, plaintiff boarded, lodged, and cared for said Denny at all times the said Denny desired the same. And notwithstanding the complete performance of said contract on the part of the plaintiff, the said Denny wholly failed and neglected to carry out said contract on his part." It concluded with a demand for judgment for $2,000.

The defendant objects that the petition fails to state facts sufficient to constitute a cause of action.

The law is well settled that a contract founded on a sufficient consideration to make a certain testamentary provision in favor of a particular person is valid in law. In *Wright v. Tinsley*, 30 Mo. 389, it was said that "on principle there would seem to be no ground to doubt that a person may, by valid agreement, renounce the power to dispose of his property at pleasure—may bind himself to make a will in a particular way, on proper considerations, and that courts of equity would enforce such agreements, under proper circumstances, the same as in other cases of valid contracts." *Gupton v. Gupton*, 47 Mo. 37, and *Sharkey v. McDermott*, 91 Mo. 647, are to the same effect. In *Sutton v. Hayden*, 62 Mo. 101, it was declared that although the statute requires wills to be in writing, equity will specifically enforce a parol contract made upon sufficient consideration, to dispose of property in a particular way by will.

<span style="margin-left:2em">CONTRACTS: testa-<br>mentary provi-<br>sion: considera-<br>tion.</span>

And in *Gupton v. Gupton, supra*, it was said that a verbal agreement of this sort, in case of part performance, will authorize a decree giving that agreement full force and effect. And similar rulings have been made elsewhere. *Jenkins v. Stetson*, 9 Allen, 128; *Parker v. Coburn*, 10 Allen, 83; *Pursell v. Stryker*, 41 N. Y. 480; *Thompson v. Stearns*, 71 Pa. St. 161; *Caveness v. Rustiton*, 101 Ind. 502; *Wellington v. Apthorp*, 145 Mass. 69. When the agreement has been wholly performed by the promisee, and partly performed by the promisor, or may be performed within a year, the statute of fraud is inapplicable. *Gupton v. Gupton, supra; West v. Bundy*, 78 Mo. 407; *Anderson v. Shackley*, 82 Mo. 250; *Sharkey v. McDermott*, 91 Mo. 647; *Wellington v. Apthorp*, 145 Mass. 69.

Clark v. Cordry.

But the agreement stated in the plaintiff's petition was not for the conveyance, by testamentary provision, of real estate or goods, and therefore the principles announced in the adjudications in this state, to which we have just referred, have no bearing in the present case. There is a marked distinction between

pleading: petition. cases of that class and that to which this must be assigned. In those cases the agreement was to convey by will certain real estate, and the promisor, without consideration, had by conveyance or will passed the same to third parties, under such circumstances as entitled the promisee to follow it, or its proceeds, into their hands; or, there was some question of trust involved, where the promisor had agreed to make the promisee the heir to his estate and the like, so that adequate relief could only be afforded by the court in the exercise of its equitable jurisdiction.

The case most resembling this in its salient features is that of *Wellington v. Apthorp*, *supra*, where the oral agreement was to the effect that if the promisee would accompany the promisor on a visit to California and Nevada, in consideration thereof and of the services the promisee had rendered and might thereafter render the promisor respecting the management of her property, she would make a will giving the promisee $5,000 and pay the expenses of said visit. The promisee performed the agreement, but the promisor died without doing so. In an action on the agreement by the promisee against the administrator of the promisor, he recovered judgment for the $5,000 and the amount of his expenses of said visit. In disposing of the case, the court, in its opinion, said that: "It is competent for a valid oral contract to be made to leave a certain sum of money by will to a particular person, in consideration of services to be rendered by

the promisee to the promisor, provided such services are in fact thereafter rendered and accepted in pursuance of such contract, although the promisee did not bind himself in advance to render them.. The performance of the consideration renders the contract binding and gives a right of action upon it."

In *Train v. Gold*, 5 Pick. 380, it is said that if A. promises to B. to pay him a sum of money, if he will do a particular act, and B. does the act, the promise thereupon becomes binding, although B., at the time of the promise, does not engage to do the act. And this doctrine found recognition in *Gardner v. Webber*, 17 Pick, 407; *Barnstone v. Sams*, 104 Mass. 214; *Goward v. Waters*, 98 Mass. 596. In *Cottage Street Church v. Kendall*, 121 Mass. 528, it was held that "where one promises a certain sum of money for doing a particular thing, which is done before the money is paid, and the promisee does the thing on the faith of the promise, which was before but a mere revocable offer, thereby becomes a complete contract upon consideration moving from the promisee to the promisor as in the ordinary case of an offer of reward." See, also, *Paige v. Parker*, 8 Gray, 211; *Todd v. Weber*, 95 N. Y. 181; *Miller v. McKenzie*, 95 N. Y. 575.

The nearest approach to this case of any of those in this state that we have seen is that of *Koch v. Hebel*, 32 Mo. App. 103. There the father promised his daughter that if she would take care of him as long as he lived, he would give her his home. The promisee complied with the agreement, but the promisor did not. The promisor was allowed to recover the value of her services against the estate of the promisor in an action on a *quantum meruit*. In the course of the opinion, it was said by the judge who delivered the same, that it was declared upon the authority of *Sutton v. Hay* and *Sharkey v. McDermott,* supra, "that when a

plaintiff has performed services under an agreement that remuneration therefor will be made by deed or will conveying land to such plaintiff, that specific performance may be maintained against the heirs; but we see no valid and sufficient reason why a remedy by an action at law against the personal representative, for the value of the services rendered, does not exist." See, also, *Robinson v. Raynor*, 28 N. Y. 494; *Reynolds v. Robinson*, 64 N. Y. 589; *Wallace v. Long*, 105 Ind. 522; *Freeman v. Freeman*, 65 Ill. 106.

The case stated by the petition before us is that in consideration that the plaintiff would permit the deceased to come to his hotel as often as he pleased and remain as long as he pleased, without charge, the deceased would in his will bequeath to the plaintiff $2,000; that the plaintiff performed the consideration on his part, and that the deceased failed to make the said testamentary provision as he had agreed to do. There is nothing in any of the cases within or without this state to which our attention has been called which announces any principle that is an impediment to the plaintiff's right to recover on the agreement in this form of action. We must think that the defendant's objection to the petition is not well taken.

II. The testimony of the witness Pulliam was incompetent, but as there was abundant proper evidence
EVIDENCE: incompetent witness: harmless error.  adduced to justify the verdict, we are not disposed to disturb the judgment on that account.

III. The witness Thomas testified in chief that, in the latter part of 1893, he had seen deceased in a
——: immaterial: harmless error: practice.  room at the plaintiff's hotel, and that he seemed to be stopping there. On crossexamination, he stated that he could not tell exactly what month it was, but that he thought it was earlier than the month of December. The defend-

ant moved the court to strike out this testimony, for the reason that the fact testified to occurred before the date of the contract as alleged.   While the testimony did not tend to prove any allegation of the petition, yet, in view of the other evidence before the jury that did so tend, we can not think this error was harmful. And besides this, the attention of the court does not seem to have been called to this ruling in the motion for new trial.

IV.   The defendant objects further that the. court erred in refusing to permit him to prove that plaintiff executed to deceased a certain note in September, 1894—a date subsequent to that of the agreement, for the reason that the fact was competent to rebut any evidence that deceased was indebted to plaintiff, or was under · an agreement to pay him for his services.   The plaintiff's answer to this objection is that at the date of the execution of said note, the deceased was not indebted to plaintiff and would not owe him the $2,000 claimed under the agreement until his death.   We think this a sufficient answer to defendant's objection.

*——: note given after date: contract in suit.*

V.   We are not of the opinion that the court erred in giving plaintiff's second instruction, by which the jury were told that it was immaterial when the plaintiff first informed the defendant of his claim under the agreement sued on, provided the jury believed from the evidence there was such an agreement, and the plaintiff made his claim within two years after defendant's appointment as administrator of the estate of deceased.   During the trial the defendant introduced evidence tending to prove that shortly after the death of Denny, the defendant, as his administrator, presented to plaintiff for payment two notes which were owing by plaintiff to deceased, and that plaintiff then said nothing whatever

*INSTRUCTIONS: effect of evidence.*

about his claim against deceased under said agreement. The object of the instruction just referred to was, no doubt, for the purpose of advising the jury that this silence of plaintiff did not preclude his recovery on the agreement, if it existed, and he made his claim within the two years required by statute, and this, we think, was not improper. It is always proper for the court to declare to the jury the legal effect of the evidence. *Tyler v. Hall*, 106 Mo. *loc. cit.* 323.

VI. The defendant further objects that the court erred in refusing the fifth instruction asked by him, which was, in substance, that if plaintiff was a relative of the deceased, then the law presumes that the services alleged to have been rendered were gratu-itous, and that unless such presumption was overcome by clear, distinct, and positive evidence showing that deceased agreed to pay for such services as alleged in the petition, plaintiff could not recover. The evidence disclosed the fact that plaintiff's wife was the niece of that of the deceased. There was no evidence of any other relation between the parties. The deceased resided in a neighboring town and did not occupy the family relation with respect to plaintiff. In such case, the presumption would not obtain that plaintiff performed the services for deceased without the expectation of compensation. As will be seen by reference to the adjudged cases, the rule embraced in the instruction was inapplicable to the facts disclosed by the evidence in the case. *Callahan v. Riggins*, 43 Mo. App. 130; *Hickam v. Hickam*, 46 Mo. App. 496; *Koch v. Hebel, supra*.

CONTRACTS: relationship of parties: compensation.

After looking through the entire record, we discover no ground which would justify any interference by us with the judgment, which must accordingly be affirmed. All concur.