## LUTIE WALKER, Respondent, v. GAY'S ESTATE, Appellant.

### Kansas City Court of Appeals, January 10, 1898.

1. **Contract**: PERFORMANCE: INSTRUCTIONS. The jury in this case under proper instructions found that plaintiff performed work for the deceased worth $1,000, in pursuance of an agreement that she should receive certain land worth $1,000 therefor; that deceased failed to deliver a deed to said land as agreed. *Held*, the verdict and judgment for said sum was proper.

2. **Pleading**: STATEMENT IN PROBATE COURT: RULE. Statements filed in probate courts are not measured by the strict rules of pleading applied in the circuit court.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*L. W. Scott* and *Davis & Duggins* for appellants.

(1) The statement or petition is vague, indefinite and uncertain, and the defendant (executor), could not know from the statement what facts would be involved—he could not tell from the statement whether plaintiff was suing on a *quantum meruit*, or for damages for the breach of a contract. *Watkins v. Donnelly*, 88 Mo. 322; *Brashears v. Strock*, 46 Mo. 221; *Swartz v. Nicholson*, 65 Mo. 508. (2) The plaintiff alleges that the services for which she sues were performed by her under an agreement with deceased, but the agreement or contract is not set out in the petition, and the executor is not informed whether the

services she performed were all that she was required to do by the contract or not; it does not show whether she took care of him for the length of time she had agreed to or not. *Langford v. Sanger*, 40 Mo. 160; *Woods v. Rainey*, 15 Mo. 484. (3) Plaintiff's first instruction should not have been given—there was no evidence to support it. (4) No expressed contract between the plaintiff and the decedent was proven, and the evidence from which to draw an implied contract was not clear and satisfactory, but depends upon mere loose declarations of the deceased to the effect that he intended to give the land to plaintiff, and the verdict and judgment should not be allowed to stand. *Woods v. Land*, 30 Mo. App. 176.

*A. J. Haynes* and *Alf. F. Rector* for respondent.

(1) Plaintiff's statement filed in the probate court was sufficient. *Woods v. Land*, 35 Mo. App. 381. Formal pleadings are not required in the probate court or in circuit court on appeal from probate court. *Cole Co. v. Dallmeyer*, 101 Mo. 57. (2) Where services are performed for another under promise that property will be conveyed by deed or will in payment for said services, upon failure to convey an action at law can be maintained against the personal representative of the deceased for value of services rendered. *Koch v. Hebel*, 32 Mo. App. 103; *Clark v. Cordry*, 69 Mo. App. 6. (3) Instruction number 1, given for the plaintiff, is free from error and is more favorable to the appellant than could be asked. *Koch v. Hebel*, 32 Mo. App. 103.

GILL, J.—This suit originated in the probate court of Saline county where plaintiff made claim for an allowance of $1,000 on account of services performed

for said Henry A. Gay during the last eight years of his life.

The case was tried on a lengthy written statement, filed by the plaintiff, which in substance was that said Gay died in January, 1895; "that during his lifetime, to wit, for the period of eight years prior to the 18th day of August, 1894, said Gay was in feeble health and for much of said time was unable to properly care for himself; that during the last three years of his life he was almost totally disabled and required attention and care necessary to make comfortable one in bad health and old age; that during all of said eight years he was unmarried and lived alone on his farm consisting of thirty-nine acres (describing it); that from the 18th day of August, 1886, until the 18th day of August, 1894, plaintiff at the special request of said Henry A. Gay performed various services for said Gay such as are usually performed by a housekeeper for a household, namely, washing the clothing of said Gay during a portion of said time, cleaning house for him, carrying provisions to him, mending his clothing, and frequently during said period when said Gay was sick gave him such personal care and attention as he required, and during all of said time much of her time was given to the care and attention of said Gay; that all of said services were so performed with the understanding and upon the agreement that said Gay should and would compensate the plaintiff therefor, and it was agreed that said Gay, as compensation for said services, would convey by deed to this plaintiff said tract of land heretofore mentioned and described; that in pursuance of said agreement said Gay did, long prior to his death, to wit, about the 3rd day of June, 1893, execute to plaintiff a deed conveying to her said land; that the execution of said deed as aforesaid was known to this

STATEMENT.

plaintiff and was placed by her in a convenient place in the room of said Gay and under the control of said Gay that she might take and hold said deed on the death of said Gay; that said deed was not delivered to her for the purpose of passing the title to said land to her; that afterward said deed was taken by the defendant William Lemons or some other person unknown to this plaintiff and destroyed.

"That the value of said thirty-nine acres of land at the time of said agreement and execution of said deed and at the time of the death of said Henry A. Gay was and is now the sum of one thousand dollars.

"That the value of said services so rendered by this plaintiff to said Gay at his request was and is the sum of one thousand dollars.

"Wherefore plaintiff prays judgment for the sum of one thousand dollars, etc."

The evidence in plaintiff's behalf tended to prove, in the main, the allegation of the foregoing statement. At the date of his death Mr. Gay was a very aged man, nearly ninety years old, and, as stated, had for many years lived alone on a small farm of thirty-nine acres, in the vicinity of which the plaintiff resided with her mother. For several years preceding his death the old man was feeble and scarcely able to care for himself. And if the witnesses in plaintiff's favor are to be believed, she was, during the period of 1886 to August, 1894, very devoted to the old man, and daily went to his home, cared for and 'served his necessary wants. This evidence also shows that on numerous occasions, beginning with plaintiff's attentions in 1886 down to his death in 1894, the old gentleman agreed that if Miss Walker would continue her services till his death that he would deed the little farm to her. And it is undisputed that he did formally execute a deed, and it was kept at his house, doubtless intended for delivery

on or before his death. The evidence tends to show, however, that the deed was not delivered, but at about the time of his death it was obtained and destroyed by some of his kin who resided in the neighborhood. Deceased was never married and had no children.

On a trial in the circuit court the jury returned a verdict for plaintiff in the sum of $1,000 and the administrator has appealed.

A review of the record and briefs makes a clear case for affirmance. This is not a suit by a near relation of the deceased where such services will be presumed gratuitous, but rather a claim for compensation between parties where no such bonds of kinship exist, and where a promise of recompense will be presumed.

The court's instructions were clear and quite liberal to the defense. As to these no serious complaint is made, except it is suggested in defendant's brief that there was no evidence to justify plaintiff's first instruction, which was that if the jury believed "that plaintiff Lutie Walker performed services and labor for Henry A. Gay in his lifetime, and that it was agreed between said Gay and the plaintiff that as a compensation for said services plaintiff was to receive the land mentioned in the evidence, then your finding should be for the plaintiff for such sum as you may believe from the evidence would be a reasonable compensation for such services, not exceeding in amount the value of the land described in the petition at the time of the death of said Gay and not exceeding $1,000." Counsel can hardly be serious in the objection that there was not sufficient evidence upon which to base this instruction. As already seen in the foregoing statement, there was abundant testimony to prove the premises.

CONTRACT: performance: instructions.

The court in this respect was entirely fair to defendant, since by defendant's first instruction the

jury was told that unless such services were performed under and in pursuance of an agreement to the effect above stated, then plaintiff could not recover. And further, by defendant's second instruction the jury was advised that if plaintiff's services were performed as a mere friendly act, "such as one neighbor might do for another gratuitously," and that compensation was not expected, etc., then also the verdict should be for defendant.

The finding of the jury, considered in the light of the instructions, must be regarded as settling these propositions: *first*, that during the eight years (1886 to 1894) plaintiff performed work and labor for the deceased Gay of the value of $1,000; *second*, that said services were performed in pursuance of an agreement between the plaintiff and said Gay to the effect that she should receive as her compensation therefor the thirty-nine acres of land; *third*, but that said Gay failed to make and deliver a deed to the land as agreed, and *fourth*, that such land was worth at least the sum of $1,000. Under these facts the plaintiff was entitled to a verdict and judgment for $1,000, which she obtained. *Koch v. Hebel*, 32 Mo. App. 103; *Clark v. Cordry*, 69 Mo. App. 6.

We have considered the objections made by defendant's counsel as to the sufficiency of plaintiff's statement, and regard the criticisms in relation thereto as too technical in cases of this nature arising in a probate court. These complaints or statements filed in probate courts are not measured by the strict rules of pleading applied in circuit courts. The complaint as filed was sufficient to inform the administrator, the court, and other parties interested in the estate, of the nature and extent of the claim presented for allowance. This was enough.

PLEADING: statement in probate court: rule.

Under the facts found by the jury the judgment was clearly for the right party and will be affirmed. All concur.