WILMANS *v.* ROBINSON.

Opinion delivered March 3, 1900.

FEE-TAIL—CONSTRUCTION OF DEED.—A deed of conveyance to the grantee and her bodily heirs creates a fee-tail at common law, whereby, under the statute (Sand. &. H. Dig., § 700), the grantee takes an estate for her natural life, with remainder in fee in her children. (Page 520.)

Appeal from Jackson Circuit Court.

RICHARD H. POWELL, Judge.

STATEMENT BY THE COURT.

This suit was brought by appellees to recover possession of certain lands in Jackson county. They deraign title from the government to one Nathaniel Williams, and claim directly from him under a deed which is as follows:

"This deed of conveyance, made this, the 25th day of July, 1862, witnesseth that Nathaniel C. Williams, of Jackson county, State of Arkansas, for and in consideration of the sum of one dollar to him in hand paid, and for the esteem and regard he has for Martha Ann Arundell, has this day granted, bargained and sold, and by these presents do grant, bargain, sell and convey unto the said Martha Ann Arundell, and her bodily heirs, the following described tracts or parcels of land, to-wit: The northwest quarter of the southeast quarter, the northeast quarter of the southwest quarter, the southwest quarter of the northeast quarter, and the southeast quarter of the northwest quarter of section 23, in township 12 north, in range 2 west, containing one hundred and sixty acres, being and situated in the county of Jackson, State of Arkansas. To have and to hold the above-described tracts or parcels of land,

with all the appurtenances to the same belonging, to the said Martha Ann Arundell, for her separate use and benefit and her bodily heirs, and exclusive and free from liability to be disposed of by her husband, except for the benefit of the said Martha Ann and her heirs. And the said Nathaniel C. Williams will warrant and defend the title to said lands unto the said Martha Ann Arundell and her heirs, forever, against the lawful claims of all persons whatsoever. Witness my hand and seal, this the 25th day of July, A. D. 1862.

"N. C. Williams (Seal)."

The complaint alleged the death of Martha Ann Arundell (then Martha Ann Robinson), leaving surviving the plaintiffs, her only children, and the sole heirs of her body, who thereupon became seized in fee simple of the lands in suit. Then the complaint, after setting out that the defendants claim title and are in possession under a chain of conveyances commencing with one made by the said Martha Ann to one Stephen B. Allen, alleges the rental value of the premises during such possession, and concludes with a prayer for possession, and for $250 as rents.

The defendants filed a general demurrer to the complaint, which was overruled. Louis M. Hellman was made a party defendant. Subsequently the defendants filed their answer, denying that plaintiffs were the owners of the land in controversy; admitting the execution of the conveyances alleged in, and exhibited with, the complaint; alleging that the conveyance of said lands by Martha Ann Robinson to Stephen B. Allen was made for her sole and separate benefit, and that of her bodily heirs; that the consideration of said conveyance was the sum of $500 cash in hand paid to her by said Stephen B. Allen, for her separate use and benefit, and that of her bodily heirs, and that the said sum of money was used by her for her benefit and that of her heirs, and free from all disposition of the same by her husband; admitted and alleged that defendant, Louis M. Hellman, claimed title by virtue of the conveyances alleged in the complaint, and set out as exhibits to answer,—deed of conveyance of Martha Ann to Stephen B. Allen (Exhibit A), deed of conveyance from Stephen B. Allen to G. A. Jowers (Ex-

hibit B), deed of trust from G. A. Jowers to Lancelot Minor (Exhibit C), and deed of Special Commissioner John M. Rose, at foreclosure sale, to Louis M. Hellman. Defendants admitted that plaintiffs are the bodily heirs of said Martha Ann, but denied that upon her death they became seized of any estate in said lands; denied that plaintiffs were entitled to the possession of the same, etc.

Thereupon plaintiffs demurred to the answer, alleging that it did not state facts sufficient to constitute a defense, etc. The demurrer was sustained, and defendants declined to plead further. Judgment was rendered in favor of plaintiffs for the lands in controversy, $125 damages and costs, and the defendants appealed.

*Jos. W. Phillips* and *S. D. Campbell*, for appellants.

The complaint does not show on its face that appellees are entitled to the lands in controversy. This case is not within sec. 700, Sand. & H. Dig., governing fees-tail, and 44 Ark. 458, construing same. The rule in Shelley's case applies, and gives the grantee in the deed a fee simple. 58 Ark. 303; 2 Bl. Comm. 242. The demurrer to the answer should have been overruled and judgment given for appellants. 8 Ark. 224; 18 Ark. 269; 24 Ark. 554.

*Gustave Jones, J. M. Bell* and *J. A. Watkins.*

The estate created by the deed "*to Martha Ann Arundell and her bodily heirs*" was a fee-tail. 1 Kerr, Real Prop. § 433; 1 Root, 79; Tied. Real Prop. §§ 46–48; 1 Mo. 344; 103 Mo. 329; 26 S. W. 957; 17 Oh. St. 439; 44 N. E. 63; 13 N. E. 505. For the general doctrine of estates tail, see: 1 Kerr, Real Prop. § 452, 459; 2 Bl. Conn. 112; 11 Wend. 259, 278; 1 Washb. 82; Tied. Real Prop. §§ 45, 46; 60 Ia. 60; 14 N. W. 90; 1 Cruise, 73. Under section 700, Sand. & H. Dig., the grantee in the deed took a life estate, and the remainder in fee simple went to her heirs. 44 N. E. 63; 13 N. E. 505. Where an estate tail is granted, the fact that the *habendum* of the deed creating it is to the grantee and her heirs will not enlarge the estate to a fee simple; nor will the

entail be destroyed by a warranty to the grantee and her heirs. 20 Pick. 214; 4 Hawks, 310; 1 H. & McH. 275; 3 *id.* 220.

WOOD, J., (after stating the facts.)   The only question is, does the granting clause, "do grant, bargain, sell and convey unto Martha Ann Arundell, and her bodily heirs," convey to the grantee an estate in fee or in tail?

Section 700, Sand. & H. Dig., is as follows:   "In cases when by common law any person may hereafter become seized in fee tail of any lands or tenements, by virtue of any ·devise, gift, grant, or other conveyance, such person, instead of being or becoming seized thereof in fee tail, shall be adjudged to be and become seized thereof for his natural life only, and the remainder shall pass in fee simple absolute to the person to whom the estate tail would first pass according to the course of the common law by virtue of such devise, gift, grant or conveyance."

Now, in the language of Mr. Kerr:   "A fee tail is simply a conditional fee at the common law, so modified by the statute *de donis conditionalibus*, known as the Statute of Westminister II, [passed about 1285], that the estate can descend only to certain classes of heirs, which are held not to take a conditional fee simple, but a particular estate, which has been denominated a fee-tail, the donor holding the ultimate fee-simple expectant on the failure of issue; in other words, the reversion. This estate corresponds to the *feudum talliatum* of the feudal law,—that is, a fee from which the general heirs are *taille* or cut off."   1 Kerr, Real Prop. 452; 1 Cruise, 73; 1 Wash. Real Prop. 99.   In the creation of an estate tail, the usual form of limitation was to one and "the heirs of his body." This created an estate tail general.   Tiedeman, Real Prop. § 47; 1 Kerr, Real Prop. § 460.

By the common law, then, which is a rule of decision in this state, (section 600, Sand. & H. Digest,) Martha Ann Arundell became seized of an estate tail under her deed from Nathaniel C. Williams.   Therefore, under the express terms of the statute (section 700, *supra*), she took an estate for her natural life only. ' *Clarkson* v. *Clarkson* (Mo.), 28 S. W. 446; *Chiles* v. *Bartleson*, 21 Mo. 334; *Wood* v. *Kice*, 103 Mo. 329;

*Reed* v. *Lane*, 26 S. W, (Mo.) 957; *Pollock* v. *Speidel*, 17 O. St. 439. In *Horsley* v. *Hilburn*, 44 Ark. 458, the deed conveyed "to Marietta Hilburn and the heirs of her body" a tract of land. This court held in that case, under the act of 1837 (sec. 700, Sand. & H. Dig., *supra*), that "Mrs. Hilburn took nothing but a life estate," and that upon her death the remainder in fee was vested in her children. See also *Myar* v. *Snow*, 49 Ark. 125. It follows that, as Martha Ann Arundell only took an estate for life, with the remainder in fee to her bodily heirs, who were the appellees, the demurrer to the answer was properly sustained, and the judgment of the court in favor of plaintiffs was correct.

This decision in no manner conflicts with *Hardage* v. *Stroope*, 58 Ark. 303 The clause upon which the rights of the parties in that case hinged was as follows: "To have and to hold the said land unto the said Tennessee M. Carroll for and during her natural life, and then to the heirs of her body, in fee simple; and if at her death there are no heirs of her body to take the said land, then and in that case to be divided and distributed according to the laws for descent and distribution in this state." Judge Battle in that case said: It "is obvious that the deed to Mrs. Carroll created in her no estate in tail." This certainly is not the case with the deed under consideration. Again, he said: "The intention that the heirs were to take only in the capacity of heirs is manifest." That was the conclusion from a consideration of the entire clause, and particularly the concluding portion, showing the bodily heirs took *qua* heirs, by descent, and not by purchase.

Mr. Kerr, in speaking of the rule in Shelly's case, says it is a "rule of construction, and not of law; simply providing that where an estate of freehold is limited to a person, and the same instrument contains a limitation, either mediate or immediate to his heirs, or the heirs of his body, the word "heirs" is a word of limitation; that is, the ancestor takes the whole estate comprised in the term. If the limitation be to the heirs "of his body," he takes a fee tail. If to his heirs generally, he takes a fee simple.

In this case the limitation is "to her bodily heirs," cre-

ating an estate tail in the grantee. In *Hardage* v. *Stroope*, the effect of the clause was to create a limitation to his heirs in general. At all events, the present case falls clearly within the statute (sec. 700 of Sand. & H. Digest), and must be controlled by it.

Let the judgment be affirmed.