## WYMAN v. JOHNSON.

### Opinion delivered October 27, 1900.

| | |
|---|---|
| 68 | 369 |
| 72 | 543 |
| 68 | 369 |
| 84 | 282 |
| f 84 | 283 |
| f 84 | 532 |
| 68 | 369 |
| 81 | 257 |

1. WILL—CONSTRUCTION.—A testator made a devise as follows: "I want half of all the property that I now own or may own at my death to be set apart for the benefit of the heirs of my son, Samuel H. Johnson. My son, Samuel H. Johnson, can have and control said property during his natural life, but said property shall not be subject to the debts of Samuel H. Johnson. * * * I want the remaining half of my property at my death set apart for the benefit of the heirs of Edna Gibson. I want S. A. Gibson, the husband of my daughter, Edna Gibson, to hold and control said property as long as he remains her husband, but said property shall not be subject to or be taken for his debts. Now, if my daughter should die, and her husband, S. A. Gibson, should marry again, then said property shall be taken charge of by the executors of this will, and used for the benefit of the heirs of Edna Gibson." Held, that the estate vested at the testator's death in his grandchildren, and that the will conferred upon the son and son-in-law, respectively, only the control and management of the property until the grandchildren should be old enough to assume the same. (Page 374.)

2. SUBROGATION—PRIOR VALID MORTGAGE.—Where trustees appointed by will to control and manage the testator's property until the devisees should come of age undertook to mortgage the fee in the same, the mortgage is ineffectual to convey the interest of the devisees, but the mortgagee therein will be subrogated to the lien of a prior mortgage executed by the testator and discharged by the trustees out of funds provided by means of the second mortgage. (Page 375.)

3. WILL—EXCLUSION OF AFTER-BORN CHILDREN.—A devise of the testator's estate to the heirs of his son and daughter, without express provision for their after-born children, will be held to exclude the latter. (Page 375.)

24

Appeal from Lee Chancery Court.

EDWARD D. ROBERTSON, Chancellor.

*McCulloch & McCulloch*, for appellants.

The heir is not held to be disinherited, unless the intent to do so is clear in the will. 1 Redfield, Wills, p. 434; Schouler, Wills, § 545. The rule in Shelley's case is in force in Arkansas. 51 Ark. 61; 58 Ark. 303. This rule is applicable in the construction of deeds as well as wills. 64 Pa. St. 9; 101 N. C. 162; 62 Ill. 88; 127 Ind. 42; 109 Ind. 476; 80 Ga. 367; 9 Yerg. 400; 13 Pa. St. 344; 53 Pa. St. 211. The word "heirs" has a fixed legal meaning. 53 Ark. 255. This rule applies to the construction of wills as well as other writings. 3 Ark. 147; 13 Ark. 88; 23 *id.* 179; 49 *id.* 125; 58 *id.* 303. The rule established in 3 Ark. 117 is sustained by text writers and cases outside of this state. 1 Redfield, Wills, 433; 2 Washb. Real Prop. 603; 1 Jones, Conv. § 232; 5 Barn & A. 621; 2 Bligh, 56; 101 N. C. 162; 62 Ill. 88; 127 *id.* 42; 11 L. R. A. 670 and notes; 8 Humph. 624; 102 N. Y. 128; 99 Ind. 190; 109 Ind. 506; 79 Pa. St. 333; 64 *id.* 9; 30 N. E. 1077; 37 *id.* 569; 86 Va. 550; 44 S. W. 399; 3 L. R. A. 209; 45 L. R. A. 95; 2 Redfield, Wills, p. 67–385; 36 L. R. A. 186; 23 S. W. 72. The construction of the word "heirs" applies with equal force to the validity of the device. 99 Ind. 190; 37 N. E. 569; 2 Washb. Real. Prop. p. 165; 1 Pick. 27; 46 Pa. St. 200. The devises cannot be held as trusts created in Johnson and Mrs. Gibson, or her husband, for the benefit of their heirs. 1 Perry, Trusts, § 83; Schouler, Wills, § 591–2–3; 2 Redfield, Wills, p. 400–1–2; 72 N. W. 631; 92 Tenn. 559; 130 N. Y. 29; 42 Ark. 51; 2 Washb. Real. Prop. p. 699; 98 Tenn. 353. The shares of the children ascend to the father in fee. Sand. & Hill's Dig., 2479; 15 Ark. 555; 19 Ark. 396. Section 699, Sand. & H. Dig., applies to all voluntary conveyances of real estate and to mortgages and deeds of trust. 43 Ark. 504; 65 Ark. 129. In a devise the rule is, unless the contrary intention is clearly apparent, that the gift is presumed to be intended for only those of the class who are in being at the death of the testator. Schouler, Wills, § 563;

1 Dembitz, Land Tit. pp. 129, 661, 662; 2 Powell, Devises, p. 302; 11 Allen, 36; 47 Md. 513; 4 Paige, 52; 7 Ohio Dec. 105; 40 Ark. 11; 173 Ill. 529. The doctrine of subrogation is peculiarly a creation of equity, and should be applied in this case. 39 Ark. 531; 45 Ark. 149; 47 *id.* 421; 50 Ark. 361; 13 S. W. 12; 40 *id.* 541.

*Norton & Prewitt* and *Fletcher Rolleson*, for appellees.

The word "heirs" is to be taken as a mere description of a class of persons who are to take the estate. 5 N. E. 652. When heirs are not to take by descent, but under the will, the rule in Shelley's case does not apply. 1 N. E. 202; Jones, Real Prop. § 610; 26 N. E. 895. The word "heirs" was not used in its technical sense. 19 N. E. 868, 24 N. E. 63. The word "heirs" is frequently construed as a word of purchase. 10 L. R. A. 165; 3 Edw. Ch. 270; Schouler, Wills, § 548; 49 Ark. 125; 4 N. E. 167; 127 Ill. 42; 109 Ind. 159; *id.* 476; 26 N. E. 56. The devise is to the "heirs" as first takers, and not to a person "and his heirs." 2 Vent. 311; 1 P. Wms. 229; 99 Ind. 192; 51 Barb. 137; 86 Penn. St. 386. An immediate gift to the heirs of "A," who is recognized in the will as living, is presumed to be a gift to those persons who would be his heirs if he were dead. Schouler, Wills, p. 611, note 4; Hawkins, Wills, p. 92; 3 Sandf. Ch. 65. In construing a will the primary intention of the testator should be ascertained and followed. 1 Dembitz, Land Titles, § 89; 22 N. E. 933. There being no devise of a freehold estate, the rule in Shelley's case does not apply. 4 Kent, § 221; 1 Jones, Real Prop. § 610. In construing the words of a devise, the whole should be taken together. 49 Ark. 128. That an intent may be reached, which implies a trust, a trust will be implied. 31 Ark. 588; Perry, Trusts §§ 112–117; Schouler, Wills, §§ 595–6. Where right of possession accrues, the gift is said to rest in possession. 9 N. E. 214; 26 N. E. 56. A gift to testator's heirs vests at testator's death; if to the heirs of A, at A's death. Schouler, Wills, § 563; 44 Ark. 476. Rate of interest allowed was erroneous. 39 Ark. 547–8.

BUNN, C. J. Joseph M. Johnson, a citizen of Lee county,

died on the 28th day of July, 1887, the owner of a plantation in said county and a small amount of personal property, all of which last was absorbed in the course of the administration of his estate. He made his last will and testament on the 27th day of September, 1886, and after his death this was duly probated. This suit was brought by the grandchildren of the testator, who are named as beneficiaries in the will, to have the same construed, and to set aside as invalid a certain deed of trust made by their parents, wherein the plantation was conveyed, and for general relief.

The parts of the will involved in this discussion are as follows, viz.: "(2) I want M. J. Johnson, my faithful friend and sister-in-law, to have and be supported out of my effects so long as she shall live, should she not otherwise have a sufficient support. (3) I want half of all the property that I now own or may own at my death to be set apart for the benefit of the heirs of my son, Samuel H. Johnson. My son, Samuel H. Johnson, can have and control said property during his natural life, but said property shall not be subject to the debts of Samuel H. Johnson. If at his death his wife shall be living, she can control the property as long as she remains the widow of Samuel H. Johnson. (4) I want the remaining half of my property at my death to be set apart for the benefit of the heirs of Edna Gibson. I want S. A. Gibson, the husband of my daughter, Edna Gibson, to hold and control said property as long as he remains her husband, but said property shall not be subject to or be taken for his debts. Now, if my daughter should die, and her husband, S. A. Gibson, should marry again, then said property shall be taken charge of by the executors of this will, and used for the benefit of the heirs of Edna Gibson. (5) I want the executors of this will (before my estate is divided) to pay John M. Johnson, B. F. Johnson and Nannie J. Sapp the sum of one hundred dollars each. (6) I leave my dutiful son, Samuel H. Johnson, and my beloved nephew, John M. Johnson, and my son-in-law, S. A. Gibson, executors of my will."

It is suggested in argument that the very language of this will shows that its author was an ignorant or unlearned person,

and this is true, but it bears no internal evidence of a want of common sense. It is, at all events, sufficiently explicit, we think, as an expression of his will, to show the real intention and wishes of the testator. After the death of the testator the property remained undivided, both as between the two sets of grandchildren, *per stirpes*, and also as between these grandchildren individually, in respect to each half, and remained in the control and management of Samuel H. Johnson and S. A. Gibson, until taken possession of by the receiver appointed by the court in this case.

Samuel H. Johnson had six children, viz.: Virginia V., born January 31, 1881, died November 20, 1896; Nannie, born September 29, 1882, died June 18, 1896; Joseph L., born April 1, 1879; George W., born May 30, 1884; Ada Belle, born March 26, 1889; and Edward, born October 19, 1893. The last four still live. The first two died without issue, unmarried and intestate, and after the death of the testator, leaving their father, the said Samuel H. Johnson, surviving them as their sole heir at law. Ada Belle and Edward were born after the death of the testator. Joseph L. and George W. are therefore the only ones of the children of said Samuel H. Johnson, who were born prior to the death of the testator and still survive.

Mrs. Edna Gibson, sometimes called Curmiller Gibson, had two children only, both still living when this cause was determined in the lower court, and both born prior to the death of the testator, by name Joseph and Fannie Gibson. Acting, apparently, upon the belief that they held the fee in the respective halves set apart to their children by the will, Samuel H. Johnson and Mrs. Edna Gibson (the wife of the former and the husband of the latter joining with them) borrowed the sum of $3,000 of the Globe Investment Company, and to secure the same gave a deed of trust on said plantation, and this debt and deed of trust subsequently became the property of the appellants, Wyman *et al.*, the Globe Investment Company claiming to have had no notice of any defect in the title of said grantors in the deed of trust, and Samuel H. Johnson and S. A. Gibson continuing in possession. These, as mortgagors, paid the in-

terest on said secured debt, as it accrued, until the institution of this suit.

There was a mortgage debt on the plantation, made by the testator in his lifetime, which amounted to the sum 'of $431, when this $3,000 was borrowed, and by agreement of the parties this mortgage debt was settled out of the $3,000 by the Globe Investment Company at the time of making the loan. Nothing was ever paid on this $3,000 by the debtors, or any one for them, either to the Globe Investment Company, or its assigns, except the interest aforesaid. This is a bill filed in behalf of the said children of Samuel H. Johnson and Edna Gibson, then surviving, on March 18, 1896, by their next friend, John M. Johnson, who was the active executor of the will, and nephew of the testator; the administration, however, having been closed, as we infer.

The main question involved is as to the estate of these grandchildren and their parents, given by the third and fourth clauses or paragraphs of the will of Joseph M. Johnson, which are set forth above. For several reasons we are of opinion that the rule in Shelley's case does not apply in the construction of these clauses of the will.

In the first place, we must assume, from the context and surroundings, that the testator did not intend to make any distinction between his own children, and, that being the case, the language of the fourth clause itself does not in any sense give an estate to Mrs. Edna Gibson, the daughter. Consequently the testator did not intend to confer any estate upon the son, Samuel H. Johnson, notwithstanding the language used in his case was somewhat different from that used in the case of the daughter. It is manifest that only a control and management was conferred upon Samuel H. Johnson, the son, as was conferred upon his wife in case of her death, and upon S. A. Gibson, the son-in-law, and, in case of his death or marriage to another after the death of Edna, then upon the executors.

Secondly, these bequests are in terms made directly to the grandchildren of the testator, no intermediate estate being created; and the management and control were the subject of clauses following these direct bequests, showing that the

management and control of the two halves until the grand-
children should be old enough to assume the same, although
not expressed in words, was all that was intended to be con-
ferred upon the son and daughter.   The whole was devised for
the benefit of the grandchildren in express terms, and no others
are referred to as beneficiaries.

The estate of these grandchildren is therefore an inde-
pendent estate, not resting or based upon any estate in their
parents, Samuel H. Johnson and Edna Gibson, and, that being
so, the rule in Shelley's case is not applicable.   It follows that
no estate was conveyed in the deed of trust, except as to the
interest of the two children of Samuel H. Johnson, who were
living at the death of the testator, but who died without issue
before the institution of this suit.   Their shares were vested
on the death of the testator, and at their deaths respectively
fell to their father, the said Samuel H. Johnson, who there-
fore could lawfully convey the same in his said deed of trust.
This interest constitutes one-half of the one-half, or one-fourth
of the whole property devised by Joseph M. Johnson, subject
to the payment of his debts and special legacies.

This interest of Samuel H. Johnson is therefore bound under
his deed of trust for said mortgage debt.   The interest paid on
said $3,000 debt by Samuel H. Johnson and Edna Gibson is
a valid payment as against them, and stands good, as there is no
proof here that the interest payment was out of the fund be-
longing to the estate.   The appellants are entitled to be subro-
gated to the rights of the mortgagee in the mortgage made by
the testator, to the extent of the $431 paid to satisfy the same
out of the $3,000 loan, and the interest therein specified in
said first mortgage.

There is no direct or express provision in the will for the
after-born children of Samuel H. Johnson and Edna Gibson,
and, as the estates of the other grandchildren vest immediately
on the death of the testator, it is to the exclusion of all others
than those provided for expressly, or in terms that admit of no
reasonable doubt on the subject.   In this respect, the principle of
the decision in *Kilgore* v. *Kilgore*, 26 N. E. Rep. 56, is not applica-
ble; for enough was said in the will involved in that case to show the
intention of the testator to be to provide for his grandchildren born

after his death.    No words of the kind are employed in the will now under consideration.    Hence the rule announced in *Shotts* v. *Poe,* 47 Md. 513, pertains, in which the court said: "The only other question is, whether the term 'children' used in the declaration of trust includes children of the son that may be born after the death of the testator?    And upon this question there can be no doubt whatever.    If there be any question that may be regarded as incontrovertibly settled, in the construction of wills or testamentary papers, it is that an immediate gift to children, *simpliciter,* without additional description, means a gift to the children in existence at the death of the testator, provided there be children then in existence to take."

In construing the will to get at the real intention of the testator, we have concluded that the testator used the word "heirs" as descriptive of a class of beneficiaries, and in the sense of the word "children," the two being used synonymously by those unlearned in the law, for the most part.    This being true, the case of *Shotts* v. *Poe, supra,* seems to be exactly in point, and, as there were others at the death of the testator capable of taking, and no provision was made for after-born children, these are excluded.    The testator may have intended otherwise, but we are construing the will and endeavoring to arrive at his intention by its language, and cannot assume to make a will for him to express his merely probable intentions.

Except as herein indicated, the decree of the chancellor is affirmed, and, since the subject-matter of the suit is real estate, the cause is remanded, with directions to enter a decree not inconsistent with, but in conformity to, this opinion.