## BLACK *v.* WEBB.

Opinion delivered April 2, 1904.

DEED—ESTATE TAIL—STATUTE.—At common law a conveyance of land to A and to the heirs of her body created an estate tail, but under Sand. & H. Dig., § 700, a life estate only is vested in A with remainder in fee simple in her children.

Appeal from Madison Circuit Court.

JAMES A. RICE, Special Judge.

Action by Webb and others against Black and another. Plaintiffs had judgment, and defendants appeal. Affirmed.

*Walker & Walker,* for appellants.

In case of a devise of land without words of limitation the devisee takes an estate for life only, but the intent of the testator to give a fee may be gathered from any part of the will. 49 Ark. 128; 2 Black, 408; 1 Sumn. 242; 58 Ark. 312; 2 Wash. Real Prop. (5th Ed.) 653.

*E. S. McDaniel* and *L. W. Gregg,* for appellees.

The deed conveyed a life estate only. Sand. & H. Dig. § 700; 3 Ark. 147; 19 Ark. 66; 23 Ark. 179, 356; 44 Ark. 458; 58 Ark. 303; 67 Ark. 517.

BATTLE, J. George W. Webb, Cecil C. Webb, Charles Webb, Hettie A. Webb, Ella A. Webb, Naviri C. Webb and Harriet L. Webb, children and heirs of Ada Lefelia Webb, *nee* Vaughan,

deceased, brought this action against T. T. Black and Rachel Black to recover certain lands. They claimed under the following deed:

"Know all men by these presents that we, Andrew Jackson Vaughan and Eliza H. Vaughan, his wife, of the county of Madison and state of Arkansas, for and in consideration of love and affection and the sum of $1 to us in hand paid, do hereby give, grant, bargain, sell and convey unto Ada Lefelia Vaughan and to the heirs of her body the following described real estate situate in the county of Madison, in the state of Arkansas, known and described as the west half of southwest quarter of section 18, township 17 north, of range 27 west, and the east half of the east half of the southwest quarter of section 13; also the northeast quarter of the northeast quarter, and the west half of the northeast quarter, with the exception of a strip off of the west side four rods at the northwest corner and fourteen rods wide at the southwest corner of said eighty, also with the exception of four acres and one-fourth off of the northeast corner of the southwest quarter of the northeast quarter of section 24, and also the middle and third part of the northeast of the southeast quarter of section 14, lines of divisions running east and west in township 17 north, range 28 west; with the distinct understanding and intent, however, that if the said Ada Lefelia Vaughan should die without issue that then and in that event the said land is to revert to my heirs at law, jointly and equally. To have and to hold the same with all and singular the appurtenances thereunto belonging as herein expressed. In witness whereof we have hereunto set our hands and seals this the 18th day of ........, 1870. Andrew Jackson Vaughan, Eliza H. Vaughan.

"In the presence of G. W. Vaughan, Zimri Vaughan."

The defendants, T. T. Black and Rachel Black, claim the land under a deed by which Ada Lefelia Webb and her husband conveyed it to them in fee simple.

The only question in the case is, did the plaintiffs' mother, Ada Lefelia Webb, born Vaughan, take a life estate under the deed executed to her by Andrew Jackson Vaughan and his wife, or an estate in fee simple?

The circuit court held that she took an estate for life. This decision is correct. *Horsley* v. *Hilburn,* 44 Ark. 458; *Wilmans* v. *Robinson,* 67 Ark. 517; Sand. & H. Dig. § 700.

The rule stated in *Hardage* v. *Stroope,* 58 Ark. 303, does not govern in this case. In that case the land was conveyed to Tennessee M. Carroll to have and to hold "for and during her natural life, and then to the heirs of her body, in fee simple; and if, at her death, there are no heirs of her body to take the said lands, then, in that case, to be divided and distributed according to the laws of descent and distribution in this state." In construing this language this court said: "The effect of the deed, as explained by the *habendum,* in the absence of the rule in Shelley's Case, was to convey the land to Mrs. Carroll for her life, and then to her lineal heirs, and in default thereof to her collateral heirs. As there can be collateral heirs only in the absence of the lineal, the deed conveyed the lands to Mrs. Carroll, in legal phraseology, for her life, and after her death to her heirs." According to this construction the deed came within the rule in Shelley's Case and vested in Mrs. Carroll an estate in fee simple. The deed to Mrs. Carroll did not create an estate in tail at common law, that is to say, according to the statute *de donis,* and therefore did not come within section 700 of Sandels & Hill's Digest, which provides that whenever any one would become seized at common law "in fee tail of any lands or tenements, by virtue of a devise, gift, grant or other conveyance, such person, instead of being or becoming seized thereof in fee tail, shall be adjudged to be and become seized thereof for his natural life only, and the remainder shall pass in fee simple absolute to the person to whom the estate tail would first pass according to the courts of the common law by virtue of such devise, gift, grant or conveyance." *Hardage* v. *Stroope,* 58 Ark. 306. But the deed to Mrs. Webb does, and vested in her only an estate for life. *Horsley* v. *Hilburn,* 44 Ark. 458; *Wilmans* v. *Robinson,* 67 Ark. 517.

Judgment affirmed.