SHIREY v. CLARK.

Opinion delivered June 18, 1904.

72    539
86    404

1. REMAINDER—WHEN VESTED—MEANING OF WORD "HEIRS."—Where a man conveyed land to his wife to have and to hold during her life or widowhood, in the event that she shall become the widow of the grantor, and after her death or future marriage then to the heirs of said grantor by the said grantee, the term "heirs" meant children *in esse,* and the deed created a vested remainder. (Page 542.)

2. DEATH OF REMAINDERMAN—SUCCESSION.—Where land was conveyed to the grantee for life or widowhood, and after her death or future marriage then to the heirs of the grantor by the grantee, upon the death of one of such heirs his sole child succeeded to his interest. (Page 543.)

3. APPEAL—QUESTION NOT RAISED BELOW—LIMITATION.—Where, in an ejectment suit, the defense of the statute of limitations was not raised in the trial court, either by plea or demurrer, it will not be considered on appeal. (Page 543.)

4. EJECTMENT—RECOVERY OF MESNE PROFITS.—Under Sand. & H. Dig., § 2592, recoveries for mesne profits in ejectment are limited to such as have accrued within three years prior to the commencement of the action. (Page 543.)

Appeal from Lawrence Circuit Court.

FREDERICK D. FULKERSON, Judge.

Action by James M. Clark, Allie Bradley, Homer P. Clark, A. W. Clark, as heirs of Emily Clark, deceased, and Loyd W. Clark, heir of A. W. Clark, Jr., deceased, one of the children of Emily Clark, deceased, against A. W. Shirey. Plaintiffs had judgment, and defendant appealed. Affirmed with modification.

STATEMENT BY THE COURT.

Appellees brought ejectment against appellant for land described in complaint, claiming title through their mother, Emily Clark, as the children and heirs at law of said Emily Clark and A. W. Clark, their father and the husband of the said Emily, and alleging wrongful possession and detention by appellant, and claiming rents as damages.

Defendant answered, denying plaintiffs' title and right to possession, and claiming title in himself. The case was heard on the agreed statement of facts in the case, with other evidence.

The plaintiffs relied upon the following deed from A. W. Clark to Emily Clark, his wife, towit:

"This deed of conveyance, made and entered into and executed this 6th day of March, 1876, by and between Anthony Clark, party of the first part hereto, and Emily Clark, party of the second part hereto. all of the county of Lawrence, state of Arkansas, witnesseth, that for and in consideration of the sum of $1, and other valuable consideration, to me in hand paid by the party of the second part, the receipt of which is hereby acknowledged, the said party of the first part hereto has this day bargained, sold, aliened and conveyed, and by these presents doth bargain. sell, alien and convey unto the party of the second part hereto, the following described tract or parcel of land, lying and being in the county of Lawrence and state of Arkansas, towit, the east half of the southwest quarter, and the west half of the southeast quarter, of section 34, township 15 north, range 1 west, of the fifth principal meridian, containing 160 acres, together with all and singular the appurtenances thereunto belonging, to have and to hold during her life or widowhood, in the event that she shall become the widow of the said A. W. Clark, and after her death or future marriage then to the heirs of the said A. W. Clark by the said Emily Clark. To have and to hold the aforesaid lands and premises as aforesaid to the party of the second part hereto forever. And the said party of the first part hereto, his heirs and assigns, shall and will warrant and defend the title, as above stated, to the aforesaid lands forever against the lawful claims of all persons whatsoever."

The agreed statement of facts is as follows: "It is agreed that plaintiffs are the sole heirs at law of Emily Clark, deceased, and are the children of said Emily Clark, deceased, and A. W. Clark, senior, grantor in the deed to Emily Clark, deceased, on file herein. That, after the execution and record of the deed to said Emily Clark, deceased, she resided upon the land, together with her children and her husband, said A. W. Clark, for ten or twelve years, but whether the said Emily Clark, deceased, died upon said land is subject to proof. That said Emily Clark,

deceased, had no interest in any other land, nor in the land in controversy, only such as her deed conveyed. That said A. W. Clark, after the execution of said deed, collected the rents and paid the taxes on said land, and as to whether he had full control of said land is subject to proof up to the 15th day of December, 1893. That H. P. Clark, one of the plaintiffs herein, is a minor, of the age of 20 years. That after the death of said Emily, towit, on the 15th day of December, 1893, A. W. Clark, the husband of Emily Clark and the executor of her deed, relied on herein by plaintiffs, conveyed said land to A. W. Shirey for the sum of $2,109.70, and that defendant has been in possession of said land since said date. He has paid the sum of $125 taxes on said land, and has made the amount of $125 improvements thereon, and that the rental value of said lands is $100 per annum. That there are 38 acres of land cleared."

The court found and gave judgment for appellees. Appellant excepted and appealed.

*Gustave Jones, Marshall & Coffman,* for appellant.

The deed of Clark to his wife created a contingent remainder in his heirs by her. 2 Blackst. c. 11; 4 Kent, lix; Tied. Real Prop. § 412; 20 Am. & Eng. Enc. Law, 858. The words "heirs," "bodily heirs," etc., have a fixed meaning. 15 Am. & Eng. Enc. Law (2d Ed.), 320; 53 Am. Dec. 474; 56 Am. Dec. 762; 27 Am. Dec. 238, 746; 53 Ark. 255; 2 L. R. A. 372. The rule in Shelley's case does not apply here. 22 Am. & Eng. Enc. Law, 505; 62 Ark. 26. In ejectment the plea of the statute of limitations is not required. 100 Am. Dec. 328; 31 Me. 384; 3 Wash. Real Prop. 501; 28 Miss. 129; 35 Mo. 490; 1 Chitty, 507; Adams, Ejec. 270. The plaintiffs must recover, if at all, on the strength of their own title. 47 Ark. 215, 413; 31 Ark. 364; 52 Ark. 143; 13 Am. & Eng. Enc. 732. The court erred in allowance of rent. Sand. & H. Dig. § 2592; 40 Ark. 108.

*John W. & Joseph M. Stayton,* and *H. L. Ponder,* for appellees.

Deeds shall be construed so as to express the intent of the grantor, 3 Ark. 18; 6 Ark. 109; 15 Ark. 286; 53 Ark. 185. And most strongly against the grantor. 15 Ark. 695; 53 Ark. 107.

The court will look to the intent of the grantor, and not to the technical words used. 2 Pingrey, Real Prop. § 1263; 28 S. C. 125; 93 Cal. 664; 66 Texas, 543; 2 Dev. Deeds, 837. When it appears from the instrument and surrounding circumstances that in using the word heirs the grantor meant children, the construction so made will give effect to the instrument. Pingrey, Real Prop. § 1288; 79 Ga. 382; 172 Ill. 521; 132 Ill. 494; 102 Ind. 76; 131 Ind. 122; 99 Mo. 338; 10 B. Mon. 106; 57 Mich. 369; 51 Pa. St. 181; 27 Vt. 475; 28 S. C. 129; 79 Ga. 381; 68 Ark. 369; 2 Devlin, Deeds, § 864; 5 Wall. 269. An estate as by purchase passed, and not one by descent. 2 Wash. Real Prop. § § 1824, 1616; 2 Pingrey, Real Prop. 1168; 4 Kent. 507, and § § 222, 229-233. That interpretation will be given which, if consistent with the words of the instrument, will give a vested rather than a contingent remainder. 1 S. & R. (Pa.) 373; 23 Pa. St. 9; 37 Pa. St. 23, 105; 61 Pa. St. 111; 51 Pa. St. 504; 88 Pa. St. 397; 5 Mass. 535; 1 Allen, 223; 3 Cush. 390; 4 Johns, 61; 4 Sand. 36; 25 Wend. 19; 13 N. J. Eq. 168; 15 Gratt. 551; 76 Ind. 398; 78 N. C. 792; 33 Oh. St. 128; 42 Vt. 395; 11 R. I. 38; 50 Mich. 395; 77 U. S. 579. If they took as purchasers, he meant children by the use of the word heirs. 69 Ark. 313. If the deed conveyed a vested remainder, it comes within section 700 of Sandels & Hill's Digest. 44 Ark. 478; 67 Ark. 517. The statute of limitations must be specially pleaded. Sand. & H. Dig. § 2578; 43 Ark. 296; Newman, Pl. & Pr. 533; 52 Ark. 298; 41 Ark. 17.

*Gustave Jones, Marshall & Coffman,* for appellant in reply.

In all contingent remainders to the heirs of a living person, all persons answering the description of the heirs of the ancestor or grantor take as purchasers. 18 B. Mon. 370; 18 N. Y. 412; 5 Wall. 268; 61 Ga. 83; 15 Am. & Eng. Enc. Law (2d Ed.), 327; 103 Ill. 332; 72 Ind. 398; 95 Mo. 33; 125 Pa. St. 522; 147 Mass. 17; 37 Ala. 174; 172 Ill. 521.

HUGHES, J. (after stating the facts.) It is contended that the conveyance by A. W. Clark to Emily Clark, his wife, created a contingent remainder, which was defeated, and that the estate reverted to the grantor, the precedent estate having expired by

the wife's death before his; and the counsel for appellant say "that a deed to the heirs of a living person is always held void unless it is clear from the context that children are meant, which could not be where there is, as here, no context." We may admit that his statement of the law is correct; and yet his assumption of fact upon which his statement of the law is predicated is clearly wrong. It is conceded and undeniable that if the words in the deed of Clark to his wife—"to have and to hold during her life or widowhood, in the event that she shall become the widow of said A. W. Clark, and after her death, or future marriage, then to the heirs of said A. W. Clark by the said Emily Clark — meant the children of A. W. Clark, then the deed was valid, and created a vested remainder. What other meaning could attach to the words, "heirs of said A. W. Clark by the said Emily Clark?" They could only mean the children of the said A. W. Clark by the said Emily Clark then living. The maxim, *"Nemo est haeres viventis"* does not apply here, because the word "heirs," as used, evidently means children *in esse.* The intention of the grantor in the deed must prevail; and it is evident by the use of the words "heirs of said A. W. Clark by the said Emily Clark" he could have meant nothing else than the children of the said A. W. Clark by the said Emily Clark. Pingrey, Real Property, § 1288; *Tharp* v. *Yarbrough,* 79 Ga. 382; *Waddell* v. *Waddell,* 99 Mo. 338; *Womrath* v. *McCormick,* 51 Pa. St. 504; *Wyman* v. *Johnson,* 68 Ark. 369.

Upon the death of his father, Anthony W. Clark, Jr., his son, Loyd W. Clark, succeeded to the interest of his father.

The appellant insists that the appellees were barred by the statute of limitations or by adverse possession, but there was no plea of adverse possession or the statute of limitations in the court below, and the appellant cannot be allowed to insist upon either in this court. *Stillwell* v. *Badgett,* 22 Ark. 164; *McGehee* v. *Blackwell,* 28 Ark. 27; *Riley* v. *Norman,* 39 Ark. 158. A fact relied upon to remove the statute bar must be specially pleaded. *Stillwell* v. *Badgett,* 22 Ark. 164. The statute of limitations must be pleaded by demurrer or answer. *Riley* v. *Norman,* 39 Ark. 158.

The judgment allowed the appellees $800 rents. This was error. The appellees were entitled to rent for only three years at $100 per year as per agreement, which was that the rent was

of the value of $100 per year. The law is that not more than three years' rent can be recovered in ejectment. Sand. & H. Dig. § 2592. The judgment is affirmed, with allowance of only $300 rent, instead of $800, and this case is remanded with directions to enter a decree below in accordance herewith.