## WHEELOCK v. SIMONS.

Opinion delivered April 8, 1905.

1. DEFINITION—HEIRS OF THE BODY.—The term "heirs of the body" is used technically to designate heirs in succession, unless the context shows that it was intended as a description of particular persons. (Page 20.)

2. ESTATE TAIL—CONSTRUCTION OF STATUTE.—A devise to one, and, in case she should die without legal heirs of her body, or if she has legal heirs, and both she and they should die leaving no legal heirs of the body, that the property should revert to the devisor's estate, created an estate tail at common law; but under the statute (Kirby's Digest § 735) the devisee took a life estate, and at her death the fee passed to her surviving children. (Page 21.)

3. DESCENT—NEW ACQUISITION.—Under the statutory rule that a new acquisition goes to the father at the death of the owner intestate and without descendants (Kirby's Digest § 2645), where an estate for life was created in a mother by the will of a stranger to her blood, with fee simple in the heirs of her body, her children at her death took as purchasers under the will, and at the death of one of such children without descendants his interest ascended to the father for life with remainder to next of kin. (Page 21.)

Appeal from Monroe Circuit Court.

GEORGE M. CHAPLINE, Judge.

Reversed.

STATEMENT BY THE COURT.

J. M. Wheelock made a will, in which he made devises to Ida Belle Wheelock, whom he described as his adopted daughter. There was no legal adoption of her. The following clause presents the issues of this case: "Item III. I give and bequeath to my adopted daughter, Ida Belle Wheelock, the undivided half of the northwest quarter of section 19, in township 1 north, range 2 west, containing in the aggregate 166 acres of land; also lot number fourteen (14) in block number nine (9) in town of

Clarendon. In case the said Ida Belle Wheelock shall die without legal heirs of her body, or if she has legal heirs, and both she and they die leaving no legal heirs of their body, then the property above bequeathed shall revert to my estate." Ida Belle Wheelock married A. L. Simons, one of the appellees, and two children were born of the marriage, Vivian, the other appellee, and a son, Harry. After the death of J. M. Wheelock, Mrs. Simons sold the town lot described in the third clause of the will to T. T. Bateman, and Bateman sold the south half of it to the appellant, W. M. Wheelock. Mrs. Simons died, and after her death her infant son, Harry, died. Simons brought this suit in his own behalf, and as guardian of Vivian, to recover the south half of said lot from W. M. Wheelock. His contention is that only a life estate passed to Mrs. Simons, and that Vivian owns one-half, and he as the heir of Harry owns the other half.

These facts were alleged in the complaint, and it was met by a demurrer, which was overruled, and, Wheelock standing on it, judgment went for Simons as owner of one-half and Vivian Simons as owner of the other half, and, proper exceptions being saved, the rights of the parties are brought here for review.

*Thomas & Lee,* for appellant.

In construing a will, the primary intention of the testator should be ascertained and then followed. 4 Kent, Com. 209, 216; 1 Wash. Real Prop. 270, 274; 64 Pa. St. 9; 70 *Id.* 72; 23 Ark. 179. The freehold was given to Ida Belle Wheelock, and she had the right to alien the estate. 2 Wash. Real Prop. 651; 58 Ark. 314; 58 S. W. 773; 99 Ky. 202.

*H. A. & J. R. Parker,* for appellees.

Under the will of Wheelock the first taker held for life, and the second in fee. 67 Ark. 517; 80 S. W. 367; 64 Pa. 9; 70 Pa. St. 70; Sand. & H. Dig. § 300.

HILL, C. J., (after stating the facts.) "The term 'heirs of the body' has an appropriate technical meaning as words of limitation to designate heirs in succession, and it is always to be con-

strued in that sense unless the context shows it was intended as a description of particular persons." *Myar* v. *Snow,* 49 Ark. 125.

At the time of the execution of the will Ida Belle Wheelock was unmarried, and the testator had affection for her, and treated her as a daughter, although she was not either in blood or in law. The controlling object of his bounty was this child, and the property was for her, and in the event that she had descendants then to them, but in the event that she died without any of her children or their descendants living at her death then, instead of going to her collateral or ancestral heirs, who were alien to him, it was to revert to the estate of the testator. The technical construction of the term herein effectuates the plain intent of the testator.

This court has thoroughly settled the construction to be placed on clauses in wills and deeds like the one in question. This clause would have created an estate tail at common law, and the fee would have vested in Ida Belle Wheelock, and passed to the heirs of her body in succession; but fee tails are abolished in this State, and by statute a common-law fee tail is turned into a life estate in the first taker, and passes in fee simple to the person to whom the estate would first pass from that person according to the course of the common law. Kirby's Digest, § 735. Under this rule Mrs. Simons took a life estate in the property in controversy, and at her death the fee passed to her two children, Vivian and Harry. *Horsley* v. *Hilburn,* 44 Ark. 458; *Myar* v. *Snow,* 49 Ark. 125; *Hardage* v. *Stroope,* 58 Ark. 303; *Wilmans* v. *Robinson,* 67 Ark. 517; *Black* v. *Webb,* 72 Ark. 336, 80 S. W. Rep. 367.

2. The court erred, however, in giving judgment in favor of Simons for an undivided half interest acquired as heir of his son Harry. If the estate in Harry was ancestral from his mother, no part of it would ascend to the father. If it was a new acquisition, then only a life estate goes to the father with remainder to the next of kin, the sister Vivian. *Kelly's Heirs* v. *McGuire,* 15 Ark. 556. The estate was derived through the will of J. M. Wheelock, and passed by operation of law as a fee simple after the mother's life estate. The will created the estates both in the mother and these children—in them as a class to inherit from

her—and they took as purchasers under the will, and not by inheritance from the mother. The will was from a stranger to the blood. It was therefore a new acquisition. *Coolidge* v. *Burke,* 69 Ark. 237; *Galloway* v. *Robinson,* 19 Ark. 396; *West* v. *Williams,* 15 Ark. 682; *Kelly's Heirs* v. *McGuire,* 15 Ark. 556.

As title to real estate is involved, instead of modifying the judgment here, the judgment is reversed and the cause remanded with directions to modify the judgment in the circuit court, so as to adjudge the title to be in Vivian Simons subject to a life estate in one-half thereof in favor of her father. As the appellant gains nothing by the appeal, and the only error is as to the respective interests of the appellees, the costs are adjudged against appellant.